IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LISA MAGEE WILLIAMS                                         PLAINTIFF

VS.                                        CIVIL ACTION NO. 2:17-cv-87-KS-MTP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security                          DEFENDANT

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

THIS CAUSE IS BEFORE THE COURT on Defendant's Motion to Affirm the Commissioner's Decision [10] and Brief in Support thereof [11], Report and Recommendation [14] of Magistrate Judge Michael T. Parker, Plaintiff's Objections to Magistrate Judge's Report and Recommendation [20], and Objections to Plaintiff's Opposition to Magistrate Judge's Report and Recommendation [23] .

The Court has considered the above described documents, the record herein and does hereby find as follows:

**STATEMENT OF THE CASE**

**I. Administrative Proceedings**

Plaintiff filed an application for DIB on October 14, 2013, alleging disability since October 10, 2013 due to depression, anxiety, hypertension, vitamin D deficiency, back problems, and low magnesium. (Doc. 6 at 82, 97, 134-38). After denials at the initial and reconsideration levels, Plaintiff requested a hearing before an ALJ. (Doc. 6 at 110-13, 118-23). The ALJ held a hearing

1

on February 23, 2016, at which Plaintiff and a vocational expert (VE) testified. (Doc. 6 at 59-80). On June 24, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. (Doc. 6 at 13-40). The Appeals Council denied Plaintiff's request for review on March 30, 2017, making the ALJ's decision the Commissioner's final decision (Doc. 6 at 6-12). Accordingly, the Commissioner's decision is now ripe for review under 42 U.S.C. § 405(g).

**II. Commissioner's Final Decision**

In evaluating Plaintiff's disability claim, the ALJ utilized the five-step sequential evaluation process. (Doc. 6, at 17-34). *See* 20 C.F.R. § 404.1520(a).[1] At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 10, 2013, the alleged onset date. (Doc. 6, at 19). At Step Two, the ALJ found that Plaintiff's obesity, back pain, depression, anxiety, and carpal tunnel syndrome were severe impairments. (Doc. 6 at 19). At Step Three, the ALJ determined that Plaintiff's severe impairments or a combination of the impairments did not meet or medically equal the requirements for presumptive disability under the regulations. (Doc. 6 at 20-23). *See* 20 C.F.R. § 404, Subpt. P, App. 1.

---

[1] The five steps are: (1) Is the claimant performing substantial gainful activity? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or equal a listed impairment? (4) Does the impairment prevent the claimant from doing past relevant work? (5) Does the impairment prevent the claimant from doing any other work?

Next, the ALJ assessed Plaintiff's symptoms and then determined Plaintiff retained the RFC to perform a restricted range of sedentary work[2] such that she was limited to simple, routine tasks; occasional interaction with the public or coworkers; and frequent but not constant handling or fingering objects. (Doc. 6, at 23).

At Step Four, the ALJ found that Plaintiff was unable to perform her past relevant work. (Doc. 6 at 32). At Step Five, the ALJ relied on VE testimony to find that Plaintiff could perform other jobs existing in significant numbers in the national economy, including parts assembler, bench assembler, and electronics worker. (Doc. 6 at 33). Accordingly, the ALJ found that Plaintiff was not disabled from October 10, 2013, Plaintiff's alleged onset date, through June 24, 2016, the date of the ALJ's decision. (Doc. 6 at 34).

**STANDARD OF REVIEW**

The "Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's Decision or finds that the Commissioner made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Substantial evidence is more than a mere scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Id*. Therefore, the Court "may not reweigh the evidence or substitute [its] judgment for that of the Commissioner." *Carey v. Apfel*, 230 F.ed 131,135(5th Cir. 2000).

---

[2] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

## BURDEN OF PROOF

The claimant bears the burden of proving her disability by establishing a physical or mental impairment lasting at least 12 months that prevents her from engaging in any substantial gainful activity. 42 U.S.C. § 405(g); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining whether a claimant is capable of engaging in any substantial gainful activity, the Commissioner applies a five-step sequential evaluation process. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); 20 C.F.R. § 404.1520(a)(4). A finding that a claimant is disabled at any point in the five-step process is conclusive and terminates the Commissioner's analysis. *Bowling*, 36 F.3d at 435. At step five, the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that Plaintiff could perform. *See Perez v. Heckler*, 777 F.2d 298, 300-01 (5th Cir. 1985). Once the Commissioner met her burden, as she did through VE testimony, the burden shifted to Plaintiff to show that she could not perform the work cited by the VE. *See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [20]

In Plaintiff's Objections to Magistrate Judge's Report and Recommendation [20] she addresses the three issues addressed by Magistrate Judge Parker which are as follows:

1. Whether the Administrative Law Judge failed to properly evaluate listing 1.04A

2. Whether the ALJ's residual functional capacity finding is supported by substantial evidence and,

3. Whether the ALJ properly resolved any conflicts between the VE's testimony and Dictionary of Occupational Titles (DOT) or failed to comply with SSR 00-4p.

Additionally in the Objections the Plaintiff raises the issue that she has not been afforded a hearing by a properly appointed Administrative Law Judge. The Court will address this issue first.

Plaintiff seeks a remand of her case to the Social Security Administration for a new hearing on the grounds that the Administrative Law Judge presiding over her claim is an inferior officer under the Appointments Clause and was not constitutionally appointed consistent with that provision. Plaintiff did not assert or challenge the ALJ's appointment before the agency and this claim is waived. *See D.R. Horton, Inc. v. NLRB,* 737 F.3d 344, 351 & n.5(5th Cir. 2013) and *Intercollegiate Broad Sys. v. Copyright Royalty Bd.,*574 F.3d 748,755-56 (D.C. Cir. 2009) (per curiam).

The Court finds that there is no need for an exhaustive analysis as it is clear that this claim has been waived.

**Litigated Issue 1: Whether the ALJ Failed to Properly Evaluate Listing 1.04A**

The Court has considered the Report and Recommendation [14] and the finding of Judge Parker which specifically states "As evidenced by her opinion, in reaching her conclusion regarding the listing, the ALJ specifically considered Listing 1.04:

> In reaching this conclusion, the undersigned considered listing 1.04 governing disorders of the spine. The medical evidence of record does not document any spinal abnormalities necessary to meet the requirements of Section 1.04 of the Listings, governing disorders of the spine. There is no evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and positive straight-leg raising test; spinal arachnoiditis; or lumbar spinal stenosis resulting mpseudoclaudication with inability to ambulate effectively, as required by section 1.04."

([6] at 20).

The Court finds that Judge Parker's assessment of Objection 1 is correct and finds that the Administrative Law Judge did evaluate Plaintiff's claim properly and Objection 1 is without merit.

**Litigated Issue 2: Whether the ALJ's RFC finding is Supported by Substantial Evidence**

The Court has reviewed the Report and Recommendation [14] and the Objection by Plaintiff [20] and finds that Judge Parker's analysis is correct. The Residual Functional Capacity (RFC) is adequately supported by substantial evidence and the Court adopts the Magistrate Judge's reasoning and finds that the second Objection is not well taken and should be overruled.

**Litigated Issue 3: Whether the ALJ properly resolved any conflicts between VE's testimony and the Dictionary of Occupational Titles (DOT) or failed to comply with the SSR-00-4p.**

The Court has considered Plaintiff's Objection to the Report and Recommendation and finds that the Magistrate Judge properly analyzed the issue and the Court adopts the findings and conclusions of the Report and Recommendation and finds that the Objection 3 is not well taken and is overruled.

**CONCLUSION**

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a de novo review of the matters raised by the Objections. For the reasons set forth above, the Court concludes that Williams' Objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation [14] is an accurate statement of the facts and the correct analysis of the law in all regards.

THEREFORE, the Court ACCEPTS, APPROVES AND ADOPTS the Magistrate Judge's Factual Findings and Legal Conclusions contained in the Report and

Recommendation.  The Court further, as stated above, DENIES the late filed Objection that the Administrative Law Judge was not properly appointed.

Accordingly,  IT IS ORDERED that the Motion to Affirm Commissioner's Decision [10] is GRANTED and that Lisa Magee Williams' claim is DISMISSED WITH PREJUDICE at cost of Plaintiff.

SO ORDERED AND ADJUDGED this the __28th___ day of September, 2018.

    __s/Keith Starrett_____
    U.S. DISTRICT JUDGE